**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| DAVID GLASSER,<br><br>          *Plaintiff,*<br><br>      v.<br><br>TD BANK, N.A., EQUIFAX INFORMATION SERVICES LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>          *Defendants.* | Civil Action No.:<br><br>**COMPLAINT**<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

David Glasser, the Plaintiff herein, by and through the undersigned counsel, alleges, and complains of Defendants as follows:

**<u>PRELIMINARY STATEMENT</u>**

1.     This is an action for actual, statutory, treble and punitive damages, declaratory relief, and statutory attorney's fees and costs brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") and Maine Fair Credit Reporting Act, 10 M.R.S. §1306, et seq. ("MFCRA").

2.     The Defendants consist of two national credit reporting agencies, Equifax Information Services LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") (collectively, "CRA Defendants") and TD Bank, N.A. ("TD Bank"), the furnisher of information to the CRA Defendants.

3.     Plaintiff brings this action for damages resulting from Defendants continued inaccurate reporting of a TD Bank tradeline for a credit card on his credit reports.

4.     Plaintiff was the victim of a theft in which unknown individuals stole his wallet and his cell phone while traveling in San Joe, Costa Rica.

5. Among the items in the stolen wallet were a TD Bank debit card ("Debit Card") tied to Plaintiff's TD Bank checking account and his TD Bank Credit Card ("Credit Card").

6. The thieves used Plaintiff's Debit Card and Credit Card to make a series of unauthorized transactions.

7. Plaintiff promptly disputed each of the unauthorized charges with TD Bank.

8. However, TD Bank held Plaintiff responsible for hundreds of dollars of the unauthorized charges and inaccurately reported to the CRA Defendants that Plaintiff's Credit Card account was in arrears and delinquent.

9. Plaintiff disputed the inaccurate reporting of his Credit Card account directly with the CRA Defendants who, upon information and belief, communicated the same to TD Bank.

10. Despite being made aware of the theft and the improper attribution of the unauthorized charges to Plaintiff, the CRA Defendants, as well as TD Bank, nonetheless denied Plaintiff's disputes and continued inaccurately reporting the Credit Card account in each of Plaintiff's credit reports.

11. Despite receipt of Plaintiff's disputes with the CRA Defendants and its acknowledgement of the theft, TD Bank failed to conduct a reasonable investigation into Plaintiff's disputes and continued reporting inaccurate Credit Card account information to the CRA Defendants.

12. Each of the CRA Defendants failed to conduct their own reasonable investigations into Plaintiff's disputes and failed to correct their consumer reports (which were then subsequently conveyed to third parties).

13. As a direct and proximate result of Defendants' negligent and willful actions, conduct, and omissions, including publishing inaccurate derogatory information to third parties,

Plaintiff suffered cognizable actual damages (both economic and non-economic) including but not credit denials, damage to his reputation, sleeplessness, emotional distress, anxiety, depression, embarrassment, aggravation, and frustration.

14. Each of the Defendants' willful violations entitles Plaintiff to an award of punitive damages as well as treble actual damages.

## JURISDICTION AND VENUE

15. The Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

16. Jurisdiction over Plaintiff's claim for declaratory relief is conferred by 28 U.S.C. § 2201.

17. Venue is proper in this District because Plaintiff resides in this District, a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendants regularly conduct business here.

## PARTIES

18. Plaintiff David Glasser is a natural person and citizen of Maine, residing in the town of Lincolnville, Waldo County, Maine.

19. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c) and MFCA, 10 M.R.S. §1308(2).

20. Defendant TD Bank is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by the FCRA and a supervised financial organization as defined by the MFCRA (10 M.R.S. § 1308(8)).

21. Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company, and at all times relevant to this Complaint, was "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and MFCRA (10 M.R.S. § 1308(3)).

22. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation, and at all times relevant to this Complaint, is "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and MFCRA (10 M.R.S. § 1308(3)).

## FACTUAL ALLEGATIONS

23. On February 3, 2024, Plaintiff was the victim of a theft wherein unknown individuals robbed him of his wallet and his cell phone while traveling in San Joe, Costa Rica.

24. Among the items in the stolen wallet were a TD Bank debit card (hereinafter, "Debit Card") tied to Plaintiff's TD Bank checking account and a TD Bank Credit Card (hereinafter, "Credit Card").

25. The robbers used the Debit Card to make unauthorized transactions.

26. The Debit Card unauthorized charges are divided into two tranches: (1) the first is comprised of charges totaling $189.37; and (2) the second is comprised of charges totaling $167.58, with bank fees of $5.01, for a combined total of $172.59.

27. The robbers also used the Credit Card to make unauthorized transactions totaling $388.88.

28. Plaintiff had never used, incurred charges on, or authorized transactions with either the Debit Card or the Credit Card.

29. On or about February 7, 2024, Plaintiff notified TD Bank by telephone of the theft of the Credit Card and the Debit Card, and emphasized to TD Bank that Plaintiff never used, made

charges to or authorized transactions with either the Debit Card or the Credit Card and that any and all charges made using them were fraudulent and not authorized.

30. On or about May 6, 2024, TD Bank accepted Plaintiff's dispute with respect to the unauthorized transactions on his stolen Debit Card and issued a permanent credit in the amount of $189.37 to Plaintiff's TD Bank checking account.

31. Despite having been made aware of the theft and resultant unauthorized transactions with regard to the stolen Debit Card, TD Bank never acknowledged, nor did it ever issue a preliminary or other credit for the second tranche of charges in the amount of $172.59 stolen from Plaintiff's checking account.

32. Further, TD Bank imposed charges in the amount of $40.00 per month together with accruing interest after Plaintiff notified it of the fraudulent charges, for a total amount not currently known to Plaintiff.

33. Moreover, TD Bank denied Plaintiff's dispute with of the unauthorized transactions on the Credit Card and continuously reported the unauthorized charges as an obligation of Plaintiff even though the Credit Card transactions arose from the same theft that cause the unauthorized transactions on his TD Bank the Debit card.

34. Throughout 2024 and 2025, Plaintiff repeatedly disputed the unauthorized charges on his Credit Card account with TD Bank (as well as the other unauthorized charges resulting from the robbery).

35. However, TD Bank communicated to the Plaintiff that payment on the Credit Card was months past due, the fraudulent transactions were being charged off, legal action would be taken to collect the debt, and the charge off would be reported to the credit bureaus.

36. TD Bank reported the disputed Credit Card transactions to the three major credit reporting agencies: Experian, Equifax and Trans Union, LLC.

37. On or about April 4, 2025, Plaintiff disputed the inaccurate reporting of his Credit Card, including the arrearage for the unauthorized charges, with all three major credit reporting agencies.

38. On or about April 24, 2025, Trans Union, LLC accepted Plaintiff's dispute and deleted the inaccurate reporting of the TD Bank Credit Card debt from his credit report.

39. On or about April 24, 2025, Defendant Experian denied Plaintiff's dispute and to this day, continues to report the inaccurate information on his credit report.

40. On or about April 24, 2025, Defendant Equifax denied Plaintiff's dispute and to this day, continues to report the inaccurate information on his credit report.

41. TD Bank has charged off the Credit Card debt and continues to report it the CRA Defendants, which has in turn had a significant negative impact on Plaintiff's credit scores and ability to obtain credit.

42. As a result of the CRA Defendants' and TD Bank's refusals to correct the inaccurate information on Plaintiff's credit reports and failures to conduct reasonable investigations, Plaintiff continues to suffer harm to his creditworthiness, reputation, including higher interest rates, increased interest rates on debts, increased costs for insurance and credit denials, as well as damages to his emotional well-being, including distress, anxiety, depression, sleep loss, embarrassment, loss of self-esteem, aggravation, and frustration.

## FIRST CAUSE OF ACTION
### Fair Credit Reporting Act § 1681s-2(b)
### Maine Fair Credit Reporting Act § 1309(1)
### Against Furnisher Defendant TD Bank

43. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

44. Congress enshrined within the FCRA the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

45. Congress stated plainly the purpose of the FCRA, namely "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. §1681(b).

46. Defendant TD Bank violated §1681s-2(b) by their acts and omissions, including, but not limited to:

    a. failing to conduct a reasonable investigation of Plaintiff's dispute(s);

    b. failing to review all relevant information provided by consumer reporting agencies; and

    c. failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of §1681s-2(b)(1).

47. As a result of TD Bank's violations of §1681s-2(b)(1), Plaintiff suffered actual damages including but not limited to loss of credit, damage to reputation, embarrassment, humiliation, anguish and the other damages set forth herein.

48. TD Bank's conduct is also in violation of the MFCRA, 10 M.R.S. §1309(1), for failure to comply with the federal FCRA.

49. These violations of §1681s-2(b)(1) were willful, rendering TD Bank liable for actual damages, statutory damages, treble damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 10 M.R.S. §1310-C.

50. In the alternative, TD Bank was negligent, entitling Plaintiff to recover actual damages, statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o and 10 M.R.S. §1310- D.

**SECOND CAUSE OF ACTION**
**Fair Credit Reporting Act § 1681e(b) and § 1681i**
**Maine Fair Credit Reporting Act § 1309(1)**
**Against the CRA Defendants**

51. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

52. Each of the CRA Defendants violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions including but not limited to:

   a. failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1);

   b. by failing to review and consider all relevant information submitted by Plaintiff in violation of § 1681i(a)(4); and

   c. by failing to properly delete the disputed inaccurate items of information from Plaintiff's credit files or modify item of information upon a lawful reinvestigation in violation of § 1681i(a)(5).

53. Each of the CRA Defendants violated 15 U.S.C. § 1681e(b) by its conduct, acts and omissions including but not limited to failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of his credit reports and credit files that the CRA Defendants published and maintained.

54. As a result of the CRA Defendants' violations of § 1681i and § 1681e(b), Plaintiff suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, anguish and the other damages set forth herein.

55. The CRA Defendants' conduct is also in violation of the MFCRA, 10 M.R.S. §1309(1), for failure to comply with the federal FCRA.

56. These violations of § 1681i and § 1681e(b) were willful, rendering the CRA Defendants liable for actual damages, statutory damages, treble damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 10 M.R.S. §1310-C.

57. In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover actual damages, statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o and 10 M.R.S. §1310- D.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks judgment in his favor and damages against Defendant:

    A.    awarding Plaintiff actual damages, treble damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees; and

    B.    such other and further relief, including equitable and declaratory relief, as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Dated: October 1, 2025

Respectfully Submitted,

*/s/ Thomas A. Cox*
Thomas A. Cox, Esq., Me. Bar No. 1248
P.O. Box 1083
Yarmouth, Maine 04096
(207) 749-6671
tacsail@icloud.com

*/s/ Evan S. Rothfarb*
Evan S. Rothfarb
(Pro Hac Vice Forthcoming) Schlanger Law Group, LLP
60 East 42nd Street, 46th Floor New York, NY 10165
T: 212-500-6114
F: 646-612-7996
E: erothfarb@consumrprotection.net

*Attorneys for Plaintiff*